MOTION TO DISMISS
YELVERTON, Judge.
Plaintiff-appellee, Jane Dee Hammers Grovenburg, moves to dismiss the appeal of defendant-appellant, Bruce Aaron Gro-venburg, on the grounds that the appeal has been taken untimely and that the appellant has sought an appeal of a non-ap-pealable judgment.
The parties to the instant suit were divorced by a judgment of the trial court rendered in open court on September 1, 1987. A formal, written judgment to this effect was signed by the trial court on January 21, 1988. This Judgment of Divorce also ordered “that the Community Property Partition Agreement as stipulated in Open Court this date be and is hereby homologated and accordingly made order of this Court.” The record indicates that *1022 no requests for notice of judgment were filed by appellant nor was any motion for new trial made. The motion for appeal was not made until July 11, 1988.
Appellee first argues that appellant’s appeal is untimely. La.Code Civ. Proc. Art. 3942 states that an appeal from a judgment granting a divorce must be taken within thirty days from the applicable date provided in La.Code Civ.Proc. Art. 2087(A)(1M3). This portion of article 2087 states:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
Under La.Code Civ.Proc. Art. 1974, the delay for applying for a new trial is seven days, exclusive of holidays, from the signing of the judgment.
In the instant case, appellant’s motion for an appeal of the judgment signed on January 21, 1988, was not made until July 11, 1988. No motion for a new trial was filed, and no request for notice for judgment was made by appellant. Therefore, the delays for taking an appeal had run before appellant moved for an appeal. La. C.C.P. Art. 3942. Accordingly, appellant’s appeal is hereby dismissed as untimely at appellant’s cost.
Appellee also moved to dismiss appellant’s appeal arguing that appellant sought the review of a non-appealable judgment. The Judgment of Divorce appealed decided the merits of the instant case. Therefore, this is a final judgment. La. Code Civ. Proc. Art. 1841. As such, the judgment is appealable. La.Code Civ.Proc. Art. 2083. Appellee’s argument in this regard is without merit; therefore, appellee’s request for damages for a frivolous appeal is denied.
MOTION GRANTED. APPEAL DISMISSED.